# EXHIBIT A

THE LIMA MUNICIPAL COURT, LIMA, OHIO
(419) 221-5275

SUMMONS

NELDA SUE LUDWIG
841 BRENDONWOOD DRIVE
LIMA, OH 45801
    Vs.                                  Case No.: 08CVF00758
NCO FINANCIAL SYSTEMS INC
STA AGT CT CORPORATION SY
1300 E 9TH ST
CLEVELAND, OH 44114

To following named defendants:
NCO FINANCIAL SYSTEMS INC  DAVID IMPERIAL  JOHN DOES 1-2
You have been named defendant(s) in a complaint filed in the Lima Municipal Court, Lima, Allen County, Ohio - Hall of Justice, 109 N. Union Street, Lima, Ohio 45802.
By
NELDA SUE LUDWIG

plaintiff(s). A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is SCOTT C. FLORIN 580 EAST RICH STREET   COLUMBUS,OHIO  43215

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint within **twenty-eight** days after service of this summons on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the Answer on the plaintiff's attorney.

If you fail to appear and defend this action a judgment by default will be rendered against you for the relief demanded in the complaint.

BEN E. DIEPENBROCK
Clerk of The Lima Municipal Court

By: *[signature]*
           Deputy Clerk

Date: 02-21-2008

**RETURN**

_____, Ohio, _____, 20 _____
Received this writ on the _____ day of _____ 20 ____ at _____ o'clock ___ M, and on the _____ day of _____ 20 ____, I served the same on the within named Defendant by: _____

By: _____
Bailiff/Sheriff

\risc\cmi\pickword\civil\cvtdrsum.doc                                     revised 7.7.03 ms

IN THE LIMA MUNICIPAL COURT
ALLEN COUNTY, OHIO
CIVIL DIVISION

FILED
2008 FEB 20 PM 1:47

BELL E. DIEFENBROCK
CLERK OF COURT
LIMA MUNICIPAL COURT

NELDA SUE LUDWIG
841 Brendonwood Drive
Lima, OH 45801

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.
c/o Statutory Agent
CT Corporation System
1300 E. 9th Street
Cleveland, OH 44114

  and,

DAVID IMPERIAL
c/o NCO Financial Systems, Inc.
507 Prudential Road
Horsham, PA 19044

  and,

John Does 1-2
Name Unknown
Address Unknown

    Defendants.

Case No. 08CVF00158

JUDGE

## COMPLAINT (Unlawful Debt Collection Practices)

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. FACTUAL ALLEGATIONS

2. Plaintiff, Nelda Sue Ludwig, is a natural person residing in Lima, Allen County, Ohio.

3. Defendant, NCO Financial Systems, Inc. is a Pennsylvania debt services company operating from an address at 507 Prudential Road, Horsham, Pennsylvania 19044 and doing business collecting debts in the State of Ohio.

4. All named defendants and John Does 1 through 2 inclusive are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

6. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

7. Plaintiff, Nelda Sue Ludwig, is a 64 year old woman who became over extended due to personal and family related medical issues.

8. Because of these problems, Plaintiff was unable to make payment on her Citi account with an outstanding balance of approximately $24,000.00, which Plaintiff used for the personal, family, and household services of the Plaintiff (the alleged Debt).

9. At some time prior to August of 2007, the alleged Debt was consigned, placed, sold, or otherwise transferred to Defendants for collection from Plaintiff Nelda Sue Ludwig.

10. On August 13, 2007 and again on August 24, 2007, Plaintiff's attorney, or his agents, informed Defendants in writing that Plaintiff was in fact represented by counsel, and that all communication must go through the undersigned law firm.

11. On August 13, 2007, August 24, 2007, September 4, 2007, and January 24, 2008, Defendant was made aware of such representation through several telephone conversations with Plaintiff's attorney, or his agents.

12. The Defendants had knowledge of the aforementioned representation, and in fact, Defendants spoke with agents of the law firm on several occasions regarding the Citi balance (the Debt alleged in this Complaint). These conversations included, but are not limited to, Defendants confirming that Luftman, Heck & Associates, LLP represented Plaintiff, and setting up a payment arrangement on the alleged debt.

13. Defendants contacted Plaintiff at her residence via telephone including, but limited to, on or about August 24, 2007, August 31, 2007, September 4, 2007, and January 24, 2008.

14. On or about January 24, 2008, Defendant called Plaintiff and stated that Defendant spoke with Plaintiff's attorney who stated he would not help her. Defendant further told Plaintiff he would sue her and that she better get a good attorney.

15. On or about February 8, 2008, Defendant called Plaintiff stating he was an attorney and he was going to sue her on the account if she didn't settle.

16. Defendants communicated with Plaintiff even though Defendants had previously been directed to communicate only with Plaintiff's attorney or his agents on this matter.

17. Defendants communicated with Plaintiff even though it had previously received a letter from Plaintiff indicating that it should cease and desist all communications with Plaintiff.

18. Defendant, David Imperial, was acting with the knowledge, consent and at the direction of the Defendant, NCO Financial Systems, Inc.

19.     Defendant, NCO Financial Systems, Inc. is thereby responsible for the actions of Defendant, David Imperial, under the doctrine of *respondeat superior*.

20.     Plaintiff suffered headaches, had trouble sleeping, and suffered bouts of crying from the stress caused by Defendants' actions and was deeply concerned about the status of the alleged debt.

### III.     FIRST CLAIM FOR RELIEF

#### (Violations of the FDCPA)

21.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

22.     Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

(b) Defendants violated 15 U.S.C. § 1692g by failing to send Plaintiff the required validation notice.

(c) Defendants violated 15 U.S.C. 1692c by continuing to communicate with the debtor after receipt of notice to cease communications.

(d) Defendants violated 15 U.S.C. § 1692e by using a false, deceptive, and misleading means in connection with the collection of a debt.

(e) Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt.

(f) Defendant violated 15 U.S.C. § 1692e(2)(A), (5) and (10) by misrepresenting the imminence of legal action by Defendants.

(g) Defendants violated 15 U.S.C. § 1692e(3) and (5) by falsely representing to be an attorney and threatening to take legal action not intended to be taken.

(h) Defendants violated 15 U.S.C. § 1692e(10) by the various misrepresentations set forth above.

23. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, as well as Plaintiff's actual damages, statutory damages, attorney's fees and costs pursuant to 15 U.S.C. § 1692k in an amount not in excess of $15,000.00, of which the exact amount will be proven at trial.

## IV. SECOND CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

24. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

25. Defendants willfully performed the aforesaid acts with the intent to abuse and coerce and create great mental and physical pain and damage to Plaintiff.

26. Defendants acted with oppression, fraud, or malice, and Defendants are therefore liable to Plaintiff for damages and for punitive damages.

27. As a result, Plaintiff has been damaged in an amount not in excess of $15,000.00, of which the exact amount will be proven at trial.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

a. Declaratory judgment that Defendants' conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

e. Punitive damages;

f. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**LUFTMAN, HECK & ASSOCIATES, LLP**

Scott C. Florin (0080255)
580 East Rich Street
Columbus, Ohio 43215
Phone: (614) 224-1500
Fax: (614) 224-2894
Attorney for Plaintiff

BEN E. DIEPENBROCK
LIMA MUNICIPAL COURT
PO BOX 1529
LIMA OH 45802-1529

**CERTIFIED MAIL**
RETURN IN 5 DAYS

7112 4369 4680 1063 0234

Shawn

08CVF00758

DAVID IMPERIAL
%NCO FINANCIAL SYSTEMS IN
507 PRUDENTIAL RD
HORSHAM, PA 19044

SS# 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
Citi-BK HJ1436



02 1M
0004246792
MAILED FROM ZIP CO
$0
FEE